## TRAMMELL vs. TOWN OF RUSSELLVILLE et al.

| 34 | 105 |
| 66 | 347 |
| 34 | 105 |
| 71 | 241 |

1. CITIES AND TOWNS: *Liability for injuries to individuals. Enforcing illegal ordinances.*

For acts done by them in their public capacity, and in discharge of their duties to the public, cities and towns incur no liability to persons who may be injured by them.

Neither for the act of the council in passing an illegal ordinance, nor for that of the mayor in issuing a warrant of arrest for its violation, nor for that of the marshal in arresting the offender under it, is a town liable to him.

2. JUDGE: *Liability for judicial acts.*

One acting judicially in a matter within the scope of his jurisdiction, is not liable in an action for his conduct.

3. JURISDICTION: *What it is.*

The power to hear and determine a cause, is jurisdiction.

4. DAMAGES :    *Officer protected by fair process.*
   Process *fair on its face,* though not in all respects regular, will protect from
   liability the officer executing it.

APPEAL from *Pope* Circuit Court.
Hon. W. W. MANSFIELD, Circuit Judge.
*Rice & Bishop,* for appellant.

HARRISON, J.   This was an action by the appellant against
the town of Russellville, J..B. Ewin, C. C. Luker and James
M. Luker, for false imprisonment.

The complaint alleged: That the defendants, on the fifth
day of February, 1877, maliciously, and without probable
cause, arrested, and, against his will, imprisoned and re-
strained the plaintiff of his liberty until the sixth day of
said month; and that they again, on the sixth day of Feb-
ruary, 1877, arrested, and, against his will, imprisoned and
restrained him of his liberty until the tenth day of said
month, to his damage $1,500.

The defendant Ewin filed a separate answer, and, in jus-
tification of the arrests of the plaintiff, averred that he was
mayor of said town of Russellville ; that the council of said
town had passed an ordinance declaring all dealers in spir-
ituous, vinous or malt liquors, in quantities less than five
gallons, in said town, to be retail liquor dealers, and assess-
ing a tax on each of $300 per annum, to be paid before
commencing or continuing the business, and for every vio-
lation of the ordinance by keeping open the saloon, store
or place of business, for the purpose of selling without
having paid the tax, it imposed a tax of $15 for every day
the saloon, store or place of business, should be kept open ;
that his co-defendant James M. Luker, who was at the time
a deputy marshal of the town, on the fifth day of Febru-

Trammell vs. Town of Russellville et al.

ary, 1877, filed with him, as such mayor, an affidavit charging the plaintiff with a violation of the ordinance, and asked a warrant for his arrest on said charge, which he issued, and the plaintiff was thereon arrested and brought before him for trial by said deputy marshal, which was the arrest and imprisonment first mentioned in the complaint; that the plaintiff not being ready for trial, the case was, at his request, continued until the next day, and he was, upon his promise to appear for trial, discharged from the arrest; and that, on the next day, he appeared and the case was tried, and the violation of the ordinance being proved, he was fined, from which judgment he took an appeal to the circuit court.

That afterwards, on the same day, the sixth day of February, 1877, his co-defendant C. C. Luker, who was at the time marshal of the town, filed an affidavit with him charging the plaintiff with another violation of said ordinance, and asking a warrant thereon for his arrest, which was issued, and the plaintiff was again arrested and brought before him by said marshal, which was the arrest and imprisonment last mentioned in the complaint; and the plaintiff not being ready for trial, the case was, at his request, continued until a future day, and he was, upon his promise to appear for trial, discharged from the arrest; and that the enforcement of the ordinance being enjoined by the order of the judge of the circuit court, the last case had never been tried; and he denied that the arrests were malicious or without probable cause.

The answer of the town and that of the other two defendants were a general denial that they had unlawfully, maliciously and without probable cause, arrested and imprisoned the plaintiff.

The verdict was for the defendants.

There was no material conflict in the evidence, and the facts proven were as stated in the answer of Ewin.

It is, and was upon the trial, conceded that the town council had no authority to pass such an ordinance, and that the same was void, as was held in regard to a similar ordinance, in *Tuck v. Town of Waldron, 31 Ark.. 462.*

Municipal corporations are created by the state for political objects, and invested with a portion of governmental power, to be exercised for local purposes connected with the public good. "They possess, according to many courts," says Judge Dillon, "a double character, the one *governmental, legislative* or *public;* the other, in a sense, *proprietary* or *private.* The distinction between them," he continues, "though sometimes difficult to trace, is highly important, and is frequently referred to, particularly in the cases relating to the implied or common law liability of municipal corporations for the negligence of their servants, agents or officers in the execution of corporate duties and powers. On this distinction, indeed, rests the doctrine of such implied liability. In its governmental or public character, the corporation is made by the state one of its instruments, or the local depositary of certain limited and prescribed political powers, to be exercised for the public good on behalf of the state, and not for itself." *Dillon on Municipal Corporations, 39.*

For acts done by them in their public capacity, and in discharge of the duties imposed upon them for the public benefit, cities and towns incur no liability to persons who may be affected or injured by them.

The doctrine is thus stated by the court of appeals of Maryland:

"With regard to the liability of a public municipal corporation for the acts of its officers, the distinction is be-

tween an exercise of those legislative powers which it holds for public purposes, and as part of the government of the country, and those private franchises which belong to it as a creation of the law.    Within the sphere of the former, it enjoys the exemption of the government from responsibilities for its own acts and for the acts of those who are independent corporate officers, deriving their rights and duties from the sovereign power." *Commissioners v. Duckett, 20 Md., 476.*

Then, for neither the act of the council in passing the ordinance, the acts of the mayor in issuing the warrants, nor those of the marshal and his deputy in making the arrests, was the town liable to the plaintiff.

It is a universally recognized principle, that one acting judicially in a matter within the scope of his jurisdiction, is not liable in an action for his conduct.    Judge Cooley says: " Whenever the state confers judicial powers upon an individual, it confers them with full immunity from private suit.    In effect, the state says to the officer, that those duties are confided to his judgment; that he is to exercise his judgment, fully, freely, and without favor, and he may exercise it without fear; that the duties concern individuals, but they concern more especially the welfare of the state, and the peace and happiness of society; that if he shall fail in a faithful discharge of them he shall be called to account as a criminal; but that in order that he may not be annoyed, disturbed, and impeded in the performance of these high functions, a dissatisfied individual shall not be suffered to call in question his official action in a suit for damages.    This is what the state, speaking by the mouth of the common law, says to the judicial officer." *Cooley on Torts, 408.*

That in issuing the warrants the mayor acted in a judi-

cial capacity, will not be questioned; and we think it is equally clear, within the scope of his jurisdiction.

The enforcement of the ordinances of the town was a duty imposed upon him by the statute, and the validity of the ordinance was a question he had the unquestionable power to pass upon.

"The power to hear and determine a cause is jurisdiction; it is *coram judice*, whenever a case is presented which brings this power into action." *United States v. Arredondo, 6 Pet., 709.* "A court has jurisdiction of any subject-matter if by the law of its organization it has authority to take cognizance, try and determine cases of that description." *Cooley on Con. Limitations, 398.*

Did the warrants protect the marshal and his deputy in making the arrest? It is established doctrine that process *fair on its face* will protect from liability the officer executing it. It is not meant that it shall in all respects be regular; but that it shall appear to have been lawfully issued, and such as the officer might lawfully serve. "That process may be said to be fair on its face which proceeds from a court or magistrate, or body having authority by law to issue process of that nature, and which is legal in form and on its face contains nothing to notify or fairly apprise the officer that it issued without authority. When such appears to be the process the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it." *Cooley on Torts, 459; 2 Hill, on Torts, 184.*

That the marshal and his deputy were protected from liability by the warrants, we think is clear.

The judgment is affirmed.