THERESA FELD, Plaintiff in Error, *vs*. S. T. A. LOFTIS *et al*.
Defendants in Error.

*Opinion filed April 23, 1909.*

1. FALSE IMPRISONMENT—*when process constitutes a justification*. One who in good faith files an affidavit for a writ of replevin before a justice of the peace is not responsible for an error of judgment on the part of the justice in holding the affidavit sufficient and issuing the writ, and he is not liable in an action for false imprisonment under an execution against the body issued in the replevin suit.

2. SAME—*effect of error of justice of peace in holding affidavit for writ of replevin to be sufficient*. An error of judgment by a justice of the peace in holding an affidavit for a writ of replevin to be sufficient amounts only to an excess of jurisdiction in the particular case, and neither the magistrate nor the plaintiff is liable in an action for false imprisonment, even though the transcript of the replevin suit does not show the contents of the affidavit but only that an affidavit was filed.

3. EVIDENCE—*when recital in transcript is sufficient evidence of fact recited*. A recital in the transcript of a replevin suit before a justice of the peace that an affidavit for the writ was filed is evidence that an affidavit of some sort was filed, and even though such recital is not sufficient, of itself, to show that the justice had jurisdiction to issue the writ, the transcript is admissible, in an action against the replevin plaintiff for false imprisonment, to show that an affidavit was filed, which the justice held to be sufficient.

4. SAME—*when objection that certificate to transcript had no seal comes too late*. An objection that a transcript of a proceeding before a justice of the peace was not admissible in evidence because the certificate to the transcript had no seal comes too late when first made in a court of review.

5. NAMES—*party who fails to plead misnomer is bound by the judgment*. One served with process, though under a wrong name, will be bound by the judgment if he fails to plead the misnomer.

6. SAME—*litigants should be designated by name and not by description of person*. In the absence of a statute, parties litigant must be designated by name and not merely by description of the person; but courts may take notice of the ordinary abbreviations of christian names, and a proceeding by or against a party described by such abbreviation of name is not a nullity.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on writ of error to the Cir-
cuit Court of Cook county; the Hon. JOHN GIBBONS, Judge,
presiding.

JAMES R. WARD, for plaintiff in error.

MAYER, MEYER & AUSTRIAN, for defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

This writ of error is prosecuted to reverse a judgment
of the Appellate Court reversing a judgment of the circuit
court of Cook county for $1500, recovered by the plaintiff
in error against defendants in error for false imprisonment.

The declaration consisted of three counts, each alleging
that the defendants caused the plaintiff to be seized and im-
prisoned for twenty-four hours against her will and con-
trary to law. The last two counts averred the imprisonment
to have been in the county jail of Cook county and alleged
special grounds of damage. Besides the general issue the
defendants filed pleas justifying the imprisonment under an
execution against the body, issued upon a judgment which
the defendants had recovered against the plaintiff before a
justice of the peace. Two replications were filed, one being
*nul tiel* record but concluding to the country; the other
what is called a replication *de injuria* but concluding with a
verification. The latter set up proceedings in *habeas corpus*
resulting in the discharge of the plaintiff from the impris-
onment complained of. The defendant did not join issue
upon, demur or rejoin to either replication, but both parties,
in the trial court and here, have treated the replications as
traversed. Various questions having reference to the con-
dition of the pleadings have been discussed which we do
not regard as material to the decision of the case.

The Appellate Court did not remand the cause and re-
cited in its judgment the following finding of facts, viz.:

"That the plaintiffs in error were not guilty, either as principals, participants or assistants, in the arrest and imprisonment of the defendant in error. Their only connection with the same was as plaintiffs in a suit before a justice of the peace, in which an execution against the body of the defendant in error was issued to and served by a constable of the county of Cook. The process thus issuing furnished a justification of the arrest and imprisonment."

The ultimate fact in this finding is, that the defendants had no connection with the arrest and imprisonment of the plaintiff except as plaintiffs in the action before the justice of the peace in which the execution against the body issued. As such plaintiffs they had the right to enforce the judgment by legal process, and the finding that they did no more. than that is such a finding as exonerates them from liability in this case. Imprisonment under legal process of a court having jurisdiction of the subject matter cannot be made the basis of an action for false imprisonment. When a justice of the peace is applied to for a writ, where he has general jurisdiction of the subject matter, he has authority to act officially and decide upon the sufficiency of the affidavit. If he errs in his judgment as to its sufficiency and issues a writ which was not authorized in the particular case, the plaintiff is not responsible for the error. Process, under such circumstances, constitutes full justification, not only of the officer who serves the process, but of the magistrate who issues it and of the party or complainant at whose suit it is issued. (*Bassett* v. *Bratton,* 86 Ill. 152; *Outlaw* v. *Davis,* 27 id. 467; *VonKettler* v. *Johnson,* 57 id. 109; *Booth* v. *Rees,* 26 id. 45; *Barker* v. *Stetson,* 7 Gray, 53; *Langford* v. *Boston and Maine Railroad Co.* 144 Mass. 431; *Gifford* v. *Wiggins,* 50 Minn. 401; *Murphy* v. *Walters,* 34 Mich. 180; *Rush* v. *Buckley,* 100 Me. 322.) The declaration in this case counts only upon an arrest and imprisonment without authority of law. To such a complaint the judgment and process of the court is a complete answer.

If the suing out of the process was malicious and without right the defendants would be answerable for such action. But that is not the case made by the declaration.

Plaintiff assigned cross-errors in the Appellate Court, and insists that the transcript of the proceedings before the justice of the peace was improperly admitted in evidence. The record shows that no objection was made to the introduction of the transcript. The only objection made to the execution was that sufficient foundation was not laid, without specifying anything supposed to be lacking. It is too late now to object to the certificate to the transcript for lack of a seal.

It is urged that the transcript cannot be considered as tending to prove the pleas because it fails to show that the justice of the peace had jurisdiction in the proceedings before him. The transcript shows an action of replevin begun against Mrs. Jos. J. Feld by the filing of an affidavit of the plaintiffs, the issue of the writ, the return of personal service on the defendant, the goods mentioned in the writ not being found, a continuance of the case, appearance by plaintiffs only, issue of venire at plaintiffs' request, trial by jury, verdict and judgment against defendant for $27.50 for the wrongful and fraudulent conversion of the goods of the plaintiffs. Thereupon an execution issued against the body of the defendant, who was taken and delivered to the keeper of the Cook county jail and was afterward discharged on *habeas corpus.*

Section 1 of article 17, chapter 79, of the Revised Statutes, requires every justice of the peace to record in a book to be furnished by the county clerk, in every case commenced before him, the names of the parties, amount and nature of debt sued for, date and description of process issued and name of officer to whom delivered, and a memorandum, throughout the whole proceedings, of any process issued or returned and of any order made or any judgment rendered. Section 17 of chapter 51 provides that the pro-

ceedings and judgments before justices of the peace may be proved by a certified copy thereof under the hand and private seal of the justice. The basis of the plaintiff in error's claim that the transcript does not show jurisdiction is that neither the affidavit in replevin nor the verdict of the jury was introduced in evidence. The transcript does recite that an affidavit was filed, though its contents are not stated. The justice had jurisdiction of the subject matter of the replevin of goods. An application was made to him for a writ of replevin and an affidavit presented. He had jurisdiction to issue the writ upon proper affidavit, and when the affidavit was presented to him he had authority to act officially thereon and to judge of its sufficiency. Whether his judgment was right or wrong, the plaintiffs had a right to rely upon it.

It is the practice of all justices, in accordance with the statute, to keep a docket in which all proceedings before them are entered. It is proper to enter thereon the filing of an affidavit which is the basis of any process issued, and the recital of such fact will be regarded as evidence that such affidavit was filed. The recitals in the transcript of the filing of the affidavit and the verdict of the jury were properly included therein and were properly considered in evidence. Since the affidavit itself is not shown, the transcript is insufficient to show that the justice acquired jurisdiction in the case or was authorized to issue the writ. It does show, however, that some sort of affidavit was filed which the justice adjudged to be sufficient to authorize the issuance of the writ. In such case the suitor is not responsible for the correctness of the justice's judgment. *Outlaw* v. *Davis, supra.*

The judgment was against "Mrs. Jos. J. Feld," and the execution followed the judgment. It is now claimed that both were void because the defendant was not described by any legal name. In the absence of a statute, parties to litigation must be designated by name and not merely by de-

scription of the person. (*Goodkind* v. *Bartlett,* 153 Ill. 419.) The designation "Mrs." is not a name but usually distinguishes the person referred to as a married woman. Courts may take notice of the ordinary abbreviations of christian names, and a proceeding by or against a party designated by such abbreviation of name is not a nullity. A party served with process, though under a wrong name, failing to plead the misnomer, will be bound by the judgment rendered. (*Pond* v. *Ennis,* 69 Ill. 341.) The court recognizes the letters "Jos." as a common abbreviation for Joseph,—a name in common use. If that was not defendant's name she should have taken advantage of the misnomer on the trial before the justice of the peace.

It is contended that the execution was void because it did not show, upon its face, that it was issued upon a judgment rendered in an action of tort or upon a conviction by a jury. The execution is in the exact language of the form provided by the statute.

The circuit court refused to allow the plaintiff to introduce in evidence the record of the *habeas corpus* proceeding by which she was discharged from custody under the execution, and it is insisted that this was error. Disregarding all other questions, the issue in the *habeas corpus* case was not the same as the issue in this case. If it be granted that the plaintiff in error was discharged from custody because the justice of the peace erroneously held that the affidavit was sufficient to authorize the issuing of a writ of replevin and therefore was without jurisdiction to issue the writ, and his judgment and the execution issued thereon were void, yet all this does not reach the issue in this case. It merely goes to the extent that the justice in the particular case exceeded his jurisdiction. But we have already held that mere excess of jurisdiction, where the magistrate has general jurisdiction of the subject matter, will not make either magistrate or party liable. Having applied in good faith to a magistrate having jurisdiction of the subject mat-

ter and filed an affidavit which the magistrate adjudged to be sufficient to justify the issuing of the writ, plaintiffs are not liable for the subsequent arrest, even though the magistrate erred in his judgment as to his authority to issue the writ, and on account of such error the defendant was entitled to be discharged from arrest upon *habeas corpus* proceedings.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*