[No. 11344. Department One. March 27, 1914.]

J. J. HAMILTON, *Respondent*, v. PACIFIC DRUG COMPANY, *Appellant.*[1]

ARREST—IN CIVIL ACTIONS—RIGHT OF ARREST—STATUTES. Const., art. 1, § 17, abolishing imprisonment for debt except in cases of absconding debtors, abates the right of arrest given by the territorial act of 1854 (Rem. & Bal. Code, §§ 748-757) for certain causes not including absconding debtors.

CONSTITUTIONAL LAW—OPERATION—SELF-EXECUTING PROVISIONS—ARREST—IN CIVIL ACTIONS. Constitution, art. 1, § 17, abolishing imprisonment for debt except in cases of absconding debtors, not being self executing, there is no statutory authority for the arrest of absconding debtors in this state.

ARREST—IN CIVIL ACTIONS—PROCEDURE—STATUTES—COMMON LAW. The arrest of an absconding debtor, under the procedure defined by Rem. & Bal. Code, §§ 748-757, which was not applicable to absconding debtors, cannot be justified by the fact that the debtor was subject to arrest at common law and that Id., § 143, makes the common law the rule of decision so far as not inconsistent with the constitution and laws of the state; since there was no attempt to pursue the common law remedy.

FALSE IMPRISONMENT — CIVIL LIABILITY — DEFENSES — ORDER OF COURT—MALICE—PROBABLE CAUSE. It is no defense to an action for an unlawful arrest in a civil suit that it was pursuant to an order of court where the order exceeded the jurisdiction or authority of the court, or that the arrest was without malice and with probable cause.

[1]Reported in 139 Pac. 642.

FALSE IMPRISONMENT—EXCESSIVE DAMAGES. A verdict for $500 for false imprisonment will not be held excessive, where the plaintiff was unlawfully arrested in a civil suit, at night, and confined in jail with persons accused of crime, and there was nothing to indicate that the jury was influenced by passion or prejudice.

Appeal from a judgment of the superior court for King county, Albertson, J., entered September 28, 1912, upon the verdict of a jury rendered in favor of the plaintiff for false imprisonment. Affirmed.

*Trefethen & Grinstead*, for appellant, contended, that at common law the plaintiff was entitled to arrest the defendant in nearly every action *ex contractu* for recovery of money judgment. 3 Blackstone, Commentaries, p. 292; 3 Cyc. 901; *Clark v. Kent Circuit Judge*, 125 Mich. 449, 84 N. W. 629; *Gosline v. Place*, 32 Pa. St. 520. The common law of England continues to be the law of this state, except as modified by statute. Rem. & Bal. Code, § 143 (P. C. 81 § 1); *Eisenbach v. Hatfield*, 2 Wash. 236, 26 Pac. 539, 12 L. R. A. 632; *Wagner v. Law*, 3 Wash. 500, 28 Pac. 1109, 29 Pac. 927, 28 Am. St. 56, 15 L. R. A. 784; *Cass v. Dicks*, 14 Wash. 75, 44 Pac. 113, 53 Am. St. 859; *Benton v. Johncox*, 17 Wash. 277, 49 Pac. 495, 61 Am. St. 912, 39 L. R. A. 107; *Smith v. Allen*, 18 Wash. 1, 50 Pac. 783, 68 Am. St. 864, 39 L. R. A. 82; *State v. Williams*, 18 Wash. 47, 50 Pac. 580, 63 Am. St. 869, 39 L. R. A. 821; *Bates v. Drake*, 28 Wash. 447, 68 Pac. 961; *Richards v. Redelsheimer*, 36 Wash. 325, 78 Pac. 934; *Cathey v. Seattle Elec. Co.*, 58 Wash. 176, 108 Pac. 443. Const., art. 1, § 17, is a limitation upon the common law right to arrest and will not be extended beyond its express terms, and is not applicable to absconding debtors. Constitutional provisions in derogation of common law will be strictly construed. *Brown v. Fifield*, 4 Mich. 322; *Brown v. Barry*, 3 Dallas (U. S.) 365; *Stoddard v. Gibbs*, Fed. Cas., No. 13,468; *Sarazin v. Union R. Co.*, 153 Mo. 479, 55 S. W. 92; *Rosin v. Lidgerwood Mfg. Co.*, 89 App. Div. 245, 86 N. Y. Supp. 49; *Langlois v. Dunn Worsted Mills*, 25 R. I.

645, 57 Atl. 910. The common law is not repealed by implication. *Goodwin v. Thompson*, 2 G. Greene (Iowa) 329; *Harper v. Middle States Loan, Bldg. & Const. Co.*, 55 W. Va. 149, 46 S. E. 817; *McCarthy v. McCarthy*, 20 App. D. C. 195; *Smith v. Laatsch*, 114 Ill. 271, 2 N. E. 59. This court has adopted a strict rule of construction as to Sec. 17, of article 1 of the state constitution. *Murne v. Schwabacher Bros. & Co.*, 2 Wash. Ter. 130, 3 Pac. 899; *Mears v. Lamona*, 17 Wash. 148, 49 Pac. 251; *Colby v. Backus*, 19 Wash. 347, 53 Pac. 367, 67 Am. St. 732; *Frankenthal v. Solomonson*, 20 Wash. 460, 55 Pac. 754, 72 Am. St. 116, 41 L. R. A. 311; *In re Milecke*, 52 Wash. 312, 100 Pac. 743, 132 Am. St. 968, 21 L. R. A. (N. S.) 259; *State v. Pilling*, 53 Wash. 464, 102 Pac. 230, 132 Am. St. 1080; *Belknap v. Platter*, 54 Wash. 1, 103 Pac. 432, 132 Am. St. 1097; *Ripon Knitting Works v. Schreiber*, 101 Fed. 810. The common law right to arrest an absconding debtor has not been abridged; nor should such right be curtailed. *In re Milecke, State v. Pilling, Belknap v. Platter*, and *Ripon Knitting Works v. Schreiber, supra*. Rem. & Bal. Code, § 748 *et seq.*, does not abridge the common law. *Almy v. Harris*, 5 Johns. (N. Y.) 175. This section has no effect upon the right to arrest an absconding debtor. 3 Cyc. 899; *State v. Ellis*, 22 Wash. 129, 60 Pac. 136; *Baker v. State*, 109 Ind. 47, 9 N. E. 711; *Ex parte Bergman*, 18 Nev. 331, 4 Pac. 209; *Commonwealth v. Badlam*, 26 Mass. (9 Pick.) 361; *Colby v. Backus*, 19 Wash. 347, 53 Pac. 367, 67 Am. St. 732; *Chicago v. Colman*, 254 Ill. 338, 98 N. E. 521; *Ex parte Dexter*, Fed. Cas. No. 3,854; *Dummer v. Nungesser*, 107 Mich. 481, 65 N. W. 564; *In re Knaup*, 144 Mo. 653, 46 S. W. 151, 66 Am. St. 435; *Moore v. Mullen*, 77 N. C. 327; *Mayeski v. Creditors*, 40 La. Ann. 94, 4 South. 9; *Norman v. Manciette*, Fed. Cas. No. 10,300; *State v. Torrence*, 127 N. C. 550, 37 S. E. 268; *State v. Hertzog*, 92 S. C. 14, 75 S. E. 374. The logical construction is that the act is still in force, but is now applicable only to absconding debtors; repeals by implication are

not favored.  8 Cyc. 748; *Davidson v. Carson*, 1 Wash. Ter.
307; *Meade v. French*, 4 Wash. 11, 29 Pac. 833; *State ex
rel. Purves v. Moyer*, 17 Wash. 643, 50 Pac. 492; *State v.
Binnard*, 21 Wash. 349, 58 Pac. 210; *Leavenworth v. Bil-
lings*, 26 Wash. 1, 66 Pac. 107; *Callvert v. Winsor*, 26 Wash.
368, 67 Pac. 91; *Cadwallader v. Harris*, 76 Ill. 370; *Beeson
v. Busenbark*, 44 Kan. 669, 25 Pac. 48, 10 L. R. A. 839;
*State v. Whitney*, 66 Wash. 473, 120 Pac. 116.  If the act
has been repealed, however, the effect is to revive the common
law.  *Harper v. Middle States Loan, Bldg. & Const. Co.*, 55
W. Va. 149, 46 S. E. 817.  Where the legislature fails to pro-
vide a rule of practice, the rule of practice of the common
law, so far modified as to be applicable, governs.  8 Cyc. 382;
*Bennett v. United States*, 2 Wash. Ter. 179, 3 Pac. 272;
*Hightower v. Fitzpatrick's Heirs*, 42 Ala. 597; *Johnson v.
Fall*, 6 Cal. 359, 65 Am. Dec. 518; *United States v. Outer-
bridge*, 27 Fed. Cas. No. 15,978; *Murray v. Chicago & N.
W. R. Co.*, 92 Fed. 868.  The usual practice of the common
law is to issue the writ of arrest on an affidavit showing
facts authorizing the same.  3 Blackstone, Commentaries,
385; *Clark v. Kent Circuit Judge, supra; Norman v. Zieber*,
3 Ore. 197; *United States v. Walsh*, Fed. Cas. No. 16,635.
In the present case, the plaintiff was arrested upon an affi-
davit, order and warrant, regular on their face under the
practice of the common law, and, therefore, the action will
not lie.  19 Cyc. 339; *Lovell v. House of the Good Shepherd*,
14 Wash. 211, 44 Pac. 253; *Ex parte Hardy*, 68 Ala. 303;
*Nebenzahl v. Townsend*, 10 Daly (N. Y.) 232; *Gordon v.
West*, 129 Ga. 532, 59 S. E. 232, 13 L. R. A. (N. S.) 549;
*Carman v. Emerson*, 71 Fed. 264; *Leib v. Shelby Iron Co.*,
97 Ala. 626, 12 South. 67; *Norman v. Manciette, supra*.
Hamilton was an absconding debtor.  *Burrichter v. Cline*, 3
Wash. 135, 28 Pac. 367; *Brooklyn Daily Union v. Hayward*,
11 Abb. Pr. (N. S.) 235; *Bassett v. Pitts*, 15 Hun (N. Y.)
464; *Foor v. Coombs*, 15 Ky. Law Rep. 845; *Norman v.
Manciette, supra; Paine v. Kelley*, 197 Mass. 22, 83 N. E.

8; *City Bank v. Lumley*, 28 How. Pr. (N. Y.) 397; *Claflin v. Frenkel*, 29 Hun (N. Y.) 288. The damages were excessive. 19 Cyc. 367; *Caldwell v. Northern Pac. R. Co.*, 56 Wash. 223, 105 Pac. 625; *Baer v. Chambers*, 67 Wash. 357, 121 Pac. 843, Ann. Cas. 1913 D. 559; *Woodhouse v. Powles*, 43 Wash. 617, 86 Pac. 1063, 117 Am. St. 1079, 8 L. R. A. (N. S.) 783; *Norman v. Manciette, supra; Cunningham v. Seattle Elec. R. Co.*, 3 Wash. 471, 28 Pac. 745; *Davis v. Tacoma R. & Power Co.*, 35 Wash. 203, 77 Pac. 209, 66 L. R. A. 802; *Shannon v. Northern Pac. R. Co.*, 44 Wash. 321, 87 Pac. 351; *Norman v. Bellingham*, 46 Wash. 205, 89 Pac. 559; *Whitlock v. Northern Pac. R. Co.*, 59 Wash. 15, 109 Pac. 188.

*Harrison B. Martin*, for respondent.

*Hall & Cosgrove*, amici curiae, contended, among other things, that the defendant would not be liable in this action unless the judge making the order of arrest was also liable. That the judge, acting within his jurisdiction, is not liable, see *Brooks v. Mangan*, 86 Mich. 576, 49 N. W. 633, 24 Am. St. 137; *Robertson v. Parker*, 99 Wis. 652, 75 N. W. 423, 67 Am. St. 889; *Feld v. Loftis*, 240 Ill. 105, 88 N. E. 281; *McIntosh v. Bullard, Earnheart & Magness*, 95 Ark. 227, 127 S. W. 85; *Brown v. Douglas* (Ala.), 57 South. 860; *Bradley v. Fisher*, 80 U. S. 335. The order of arrest was within the jurisdiction of the judge. *Bohri v. Barnett*, 144 Fed. 389; *Lange v. Benedict*, 73 N. Y. 12, 29 Am. Rep. 80; *Grove v. Van Duyn*, 44 N. J. L. 654, 43 Am. Rep. 412. Neither a judge issuing a warrant, an officer serving the same, nor the complainant, are liable under a void ordinance. *Brooks v. Mangan, supra; Tillman v. Beard*, 121 Mich. 475, 80 N. W. 248, 46 L. R. A. 215.

MAIN, J.—The purpose of this action was to recover damages for illegal arrest and unlawful imprisonment. The cause was tried to the court and a jury, and a verdict in the

sum of $500 was returned. Judgment was entered upon the verdict. The defendant appeals.

The facts, briefly, are: For some time prior to the month of September, 1911, the respondent had been engaged in business in Valdez, Alaska. He disposed of his business there and embarked upon the steamship Alameda, which arrived in Seattle some time during the night of September 21st. The respondent, while in his state room asleep, was awakened at about one o'clock in the morning, when one P. S. Norton, the manager of the Pacific Drug Company, the appellant, and a deputy sheriff, came into his room. Some conversation took place between Norton and the respondent relative to a claimed indebtedness to the Pacific Drug Company, in which the respondent denied owing the debt. He was thereupon served with a copy of a summons and complaint, and was placed under arrest as an absconding debtor. He was required to dress and accompany the deputy sheriff to the county jail. Upon arriving there, he was taken to the jailer's office and divested of his money and personal belongings. He was then placed in a cell for the night in which were fifteen men charged with crime. The treatment which he received was not different from that accorded to a person taken to the jail when charged with a criminal offense. The following morning, he was visited by the attorney for the Pacific Drug Company, but declined to converse with him. Soon thereafter, a writ of garnishment was served upon the jailer for the purpose of subjecting the money and personal property then in his possession to the debt which was claimed to be due, and for which the action against the respondent had been begun. Immediately thereafter, the attorney for the Pacific Drug Company procured an order for his discharge, and he was thereupon released. The present action was instituted for the purpose of recovering damages on account of the arrest and imprisonment. Upon the trial, the appellant introduced no evidence but stood upon the record as made by the respondent's case.

There are here three questions for determination: First, do the laws of this state authorize the arrest of an absconding debtor; second, can this action be maintained even though it be held that there was no law authorizing the arrest; and . third, were the damages awarded by the jury excessive?

I.   The question of primary importance is whether there is any law in this state authorizing the arrest of an absconding debtor.   In 1854 the territorial legislature passed an act specifying the causes for which a defendant in a civil action might be arrested and required to give bond, or in the alternative, committed to jail.   Rem. & Bal. Code, §§ 748 to 757, inclusive (P. C. 81 §§ 807, 309-321).   This statute also defines the procedure to be followed in such cases.   Without setting out the causes for which the statute authorizes arrests, it may be said that an absconding debtor was not included therein.   Article 1, § 17, of the constitution of this state provides:   "There shall be no imprisonment for debt except in cases of absconding debtors."   The effect of this constitutional provision was to abate the right to arrest in all cases specified in the act of 1854 and authorize it in one case only, that of an absconding debtor.   That this constitutional provision is not self-executing, seems obvious. The procedure followed in the present case was that defined in the act of 1854 which, as already stated, did not include absconding debtors.

It must then be determined whether the procedure as defined in the act of 1854 can be applied to absconding debtors. without legislation giving it such application.   There is nothing in the constitutional provision above quoted which would indicate that the procedure defined by this statute was to be followed in cases of the arrest of absconding debtors. In the absence of legislation defining the procedure, there is no statute in this state under which an absconding debtor can be arrested and required to give bond or, in the alternative, be committed to jail.   In *Spice & Son v. Steinruck*, 14 Ohio St. 213, the court was considering a constitutional pro-

vision of that state which provided that no person should be imprisoned in any civil action "unless in cases of fraud." It was there said:

"This constitutional provision clearly contemplates legislation before any arrest could be made in civil actions, though fraud may have intervened. Courts, therefore, whether of general or limited jurisdiction, have now no common law power to authorize arrests in such cases, and the power, if it exists at all, must have been conferred by express legislation."

But it is claimed that the arrest can be justified as the exercise of a common law right. That contractual debtors were generally subject to arrest at common law, is well known. By statute the common law has been made the rule of decision in this state so far as it is not inconsistent with the constitution or laws of the United States or of the state of Washington, nor incompatible with our institutions and conditions of society. Rem. & Bal. Code, § 143 (P. C. 81 § 1). But it does not follow from this that the arrest can be justified. Let it be assumed, but not decided, that the common law procedure might have been adopted in the absence of a statute. It is sufficient to say that the procedure in the present case was under the statute of 1854, which we have seen does not apply, and there was no attempt to pursue a common law remedy.

II. It is argued that, since the arrest was upon a warrant authorized by order of the superior court, the appellant is exonerated from liability, even though the law at the present time does not authorize the arrest. In support of this position, a number of cases are cited, all but one of which appear to have been where the arrest was made in a criminal proceeding. There, the party complaining and setting the machinery of the law in motion which results in the arrest of a person is acting not on his own account or for his own private benefit, but for the public, enforcing the public's right to have the public law obeyed. A rule of law which

would exonerate from liability a person causing an arrest in a criminal proceeding when acting without malice and with probable cause, even though there be no law justifying the arrest, is not applicable where the arrest is caused for the purpose of enforcing a claim of private right. While there is some confusion in the authorities, and this distinction has not always been recognized, it would seem, nevertheless, that it is supported by reason. Where, in a civil case, a party causes his adversary to be arrested unlawfully, a stricter rule of liability should obtain than where a citizen inspiring the arrest has been actuated by public interest solely. A person who causes the arrest of another in a civil proceeding must answer in damages, even though the arrest was in pursuance of an order of court, when the court issuing the order has exceeded its jurisdiction, or had no authority to do so. It is immaterial that the arrest may have been caused without malice and with probable cause. *Cody v. Adams,* 7 Gray 59; *Hauss v. Kohlar,* 25 Kan. 640; *Teal v. Fissel,* 28 Fed. 351; *Strozzi v. Wines,* 24 Nev. 389, 55 Pac. 828, 57 Pac. 832. In the case last cited it was said:

"Where the statute confers upon a court or magistrate the power to issue a warrant of arrest in a civil case upon certain showing, to be made by affidavit or verified complaint, the statute being in derogation of personal liberty, such showing is a condition precedent to the issuance of such warrant, and a warrant of arrest predicated on affidavit or complaint, which does not contain the requisite showing, is void, for want of legal authority in the court or magistrate to issue it, and an arrest thereunder is illegal, making the person obtaining such warrant liable in damages for false imprisonment in an action by the person so arrested. . . .

"It is not essential, in an action for false imprisonment, to allege or prove malice or want of probable cause in order to recover damages for injuries actually occasioned thereby."

III. Some claim is made that the damages awarded were excessive. But this cannot be sustained. No exact rule can be laid down by which damages can be measured in such

cases. Much must be left to the judgment and discretion of the jury. In the absence of an indication, either in the amount of the verdict or from the record, that the jury were actuated by passion or prejudice, the court will not cause the verdict to be reduced or, in the alternative grant a new trial. In the present case, it cannot be said that the jury were actuated by passion or prejudice in fixing the amount of the verdict.

The judgment will be affirmed.

CROW, C. J., ELLIS, GOSE, and CHADWICK, JJ., concur.