[No. 11754.   Department One.   September 4, 1914.]

## M. D. HAYES, *Respondent*, v. HUTCHINSON & SHIELDS, INCORPORATED, *et al.*, *Appellants*.[1]

ARREST—IN CIVIL ACTIONS—RIGHT OF ARREST—STATUTES.   There being no statute in this state authorizing the arrest of absconding debtors, the provisions of Const., art. 1, § 17, permitting such arrest not being self-executing, a person causing the arrest of another is liable therefor, even though the arrest be in pursuance of an order of court without or in excess of jurisdiction, and it is immaterial that the arrest may have been caused without malice and with probable cause.

FALSE IMPRISONMENT — CIVIL LIABILITY — PERSONS LIABLE.   The vice president and manager of a corporation, who united in a bond for the purpose of enabling the corporation to procure the arrest of a party as an absconding debtor, is liable in damages to such party in an action for false imprisonment.

SAME — CIVIL LIABILITY — JUDGE OF INFERIOR COURT — COLORABLE JURISDICTION.   A justice of the peace is not liable for the unlawful arrest of a party as an absconding debtor, under an invalid act, upon process issued by him in good faith, and without malice, the case being colorably, though not really, within his jurisdiction.

SAME—DAMAGES—MENTAL ANGUISH—ISSUES AND INSTRUCTIONS.   It is not error to instruct, in an action for false imprisonment, that the damages should be compensatory only, that if the jury found that plaintiff has sustained substantial damages, by reason of his imprisonment, they might consider his mental suffering, such as anguish of mind, sense of shame, humiliation, etc., if they should find that they resulted from his imprisonment; and plaintiff's testimony that he felt his arrest as a disgrace to himself and family, warranted the jury in inferring that mental anguish and sense of shame were attributes of his sense of disgrace.

COSTS—WITNESS FEES—TIME FOR TAXATION.   A motion to strike a cost bill will be granted as to witness fees not appearing upon the record of the clerk, under Rem. & Bal. Code, § 482, where the cost bill was not filed with the clerk for more than ten days after judgment.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered September 19, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an

[1]Reported in 142 Pac. 865.

action for false imprisonment. Reversed as to appellant Sawyer; modified as to costs and affirmed as to the other appellants.

*Hall & Cosgrove*, for appellants.

Gose, J.—This is an action for damages for false imprisonment. There was a verdict and judgment for the plaintiff for $250. The defendants have appealed.

The facts may be summarized as follows: The appellant Hutchinson & Shields, a corporation, commenced an action in the justice court before the appellant William Sawyer, a justice of the peace for Monroe precinct, in Snohomish county, against the respondent and his wife, for the recovery of a sum certain, for goods sold and delivered to them. The appellant Shields was then the secretary and treasurer of the appellant corporation, and the appellant Hutchinson was its vice president and manager. The appellant Shields, at the time of the commencement of the action upon the account, made and filed with such justice an affidavit charging that the respondent was about to abscond from the state for the purpose of defrauding the appellant. At the same time, the appellant corporation, acting through Shields as its secretary and treasurer, with Shields and Hutchinson as sureties, made and filed a bond, which recites that the appellant corporation has applied for the issuance of a warrant for the arrest of the body of the respondent to prevent his absconding. The affidavit and bond were made conformably to the statute on arrest and bail (Rem. & Bal. Code, § 749 *et seq.*; P. C. 81 § 309), for the purpose of enabling the appellant corporation to procure the arrest of the respondent. Upon the filing of the complaint, affidavit, and bond, the appellant William Sawyer, as such justice of the peace, issued a warrant for the arrest of the respondent, and delivered it to an officer for service, who, in obedience to its commands, arrested and detained the respondent. After charging these admitted facts, the complaint alleges that the

arrest was without authority of law, and that the respondent, by reason of the arrest and detention, has been damaged in his good name, has been humiliated and disgraced, and has suffered great mental anguish, to his damage in the sum of $5,000. Separate demurrers upon all the statutory grounds were interposed and overruled; whereupon appellants answered and the case was tried, with the result stated.

In *Hamilton v. Pacific Drug Co.*, 78 Wash. 689, 139 Pac. 642, we held that, while § 17, art. 1, of our constitution permits the arrest of absconding debtors, its provisions are not self-executing; that there is no statute authorizing such arrest; and that, until the legislature has prescribed a procedure, an absconding debtor cannot be arrested. In addressing ourselves to the question of the liability of the party who has procured the arrest of the absconding debtor, for the purpose of enforcing a civil liability, we said:

"A person who causes the arrest of another in a civil proceeding must answer in damages, even though the arrest was in pursuance of an order of court, when the court issuing the order has exceeded its jurisdiction, or had no authority to do so. It is immaterial that the arrest may have been caused without malice and with probable cause. *Cody v. Adams*, 7 Gray 59; *Hauss v. Kohlar*, 25 Kan. 640; *Teal v. Fissel*, 28 Fed. 351; *Strozzi v. Wines*, 24 Nev. 389, 55 Pac. 828, 57 Pac. 832."

Under the authority of that case, the demurrers of the appellants, except Sawyer, were properly overruled.

It is argued, however, that the appellant Hutchinson should not be held liable. We cannot acquiesce in this view. He was the vice president and manager of the corporation, and united in the bond for the very purpose of compassing the arrest of the respondent.

The demurrer of the appellant Sawyer should have been sustained. The affidavit alleges that the respondent has "disposed of all his property except a few small personal effects, and converted the same into money, and has purchased travelers' drafts, and is in the act of absconding from the state of

Washington, taking all moneys and securities with the intention and for the purpose of defrauding this plaintiff." Rem. & Bal. Code, § 749 (P. C. 81 § 309), provides:

"The defendant may be arrested in the following cases: . . . 5. When the defendant has removed or disposed of his property, or is about to do so, with intent to defraud his creditors."

Rem. & Bal. Code, § 1790 (P. C. 287 § 179), purports to give a justice of the peace authority to issue a warrant of arrest in such cases. Public policy demands, and the better reasoned cases hold, that a judge of inferior and limited jurisdiction, such as a justice of the peace, is not liable in damages for an unlawful arrest upon process issued by him, in the absence of malice—and no malice is alleged—in a case which is colorably, though not really, within his jurisdiction. *Grove v. Van Duyn*, 44 N. J. L. 654, 43 Am. Rep. 412; *Feld v. Loftis*, 240 Ill. 105, 88 N. E. 281; *Brooks v. Mangan*, 86 Mich. 576, 49 N. W. 633, 24 Am. St. 137; *Bohri v. Barnett*, 144 Fed. 389; *Robertson v. Parker*, 99 Wis. 652, 75 N. W. 423, 67 Am. St. 889; *McIntosh v. Bullard*, 95 Ark. 227, 129 S. W. 85; *Broom v. Douglass*, 175 Ala. 268, 57 South. 860, 44 L. R. A. (N. S.) 164.

In considering this question in the *Grove* case, where there had been an arrest under a statute upon a complaint which did not charge an offense, it is said:

"Where the judge is called upon by the facts before him to decide whether his authority extends over the matter, such an act is a judicial act, and such officer is not liable in a suit to the person affected by his decision, whether such decision be right or wrong."

In the *Bohri* case, the plaintiff was arrested under an invalid ordinance. In holding that the justice was not liable in damages for having issued a warrant of arrest, the court said:

"Every question, from the validity of the ordinance to the identity and guilt of the man standing at bar, was a ques-

tion before the magistrate; was within his duty to hear and determine; and was therefore within the general jurisdiction of his court. Clearly, then, in exercising that jurisdiction, even though erroneously, the magistrate was within the protection of the doctrine of the cases just cited."

As was said by Mr. Justice Field, in *Bradley v. Fisher*, 80 U. S. 335, an action for damages against a justice of the supreme court of the District of Columbia for striking the name of the plaintiff from the roll of attorneys practicing in that court:

"It is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of his freedom, and would destroy that independence without which no judiciary can be either respectable or useful."

The reasoning is equally applicable to an inferior judge. When the complaint, affidavit, and bond were filed, the first question that met the justice was the validity of the statute. The *Hamilton* case had not then been decided. The mere fact that, in meeting the situation, he decided wrong, his good faith not being impugned, does not render him liable in damages. In view of the fact that his good faith is not impugned, and that there is no charge of malice, we refrain from expressing an opinion as to whether a different rule would apply if such facts were charged.

The court instructed the jury, in substance, that the damages should be compensatory only; that, if they found that the respondent had sustained substantial damages, as distinguished from mere nominal damages, by reason of his imprisonment, they might consider his mental suffering, such as anguish of mind, sense of shame, humiliation, loss of honor, reputation, or social position, if they should find from the evidence that they resulted from his imprisonment. Re-

spondent testified that he was not put in jail, that he was detained for two and one-half hours, and that he felt that his arrest was a disgrace to himself, his wife, and children. Counsel criticize the instruction, saying that there is no evidence that the respondent felt any mental anguish or sense of shame. If he felt that his arrest disgraced him and his family, the jury was warranted in inferring that mental anguish and sense of shame were attributes of his sense of disgrace. We think the instruction correctly states the law.

The appellants move to strike the cost bill, because the same was filed more than ten days after the entry of the judgment, and more than ten days after the entry of the order overruling the motion for a new trial. The court should have sustained the motion as to the witness fees, amounting to ten dollars, viz: McCarthy, five dollars; and Bartels, five dollars. Rem. & Bal. Code, §§ 481, 482 (P. C. 81 § 1289, 1291); *Matheson v. Ward*, 24 Wash. 407, 64 Pac. 520, 85 Am. St. 955.

The judgment is affirmed, without costs, as to all the appellants except the appellant Sawyer. The judgment is reversed as to appellant Sawyer, with costs in his favor, with directions to dismiss the action as to him.

Crow, C. J., Ellis, Chadwick, and Main, JJ., concur.