### HENRY CLARK v. NOYES SPICER.

1. JUDICIAL OFFICERS—*Notliable in Damages for errors of judgment.* It is a general principle of law that, whenever a judicial officer acts within the scope of his jurisdiction, he is not liable, however erroneous his acts may be.

2. ————. *Where the Complaint or Information charges no offense.* Whenever a Justice of the Peace in a criminal case has jurisdiction of the defendant, and of the offense intended to be charged, and the information states facts sufficient to show what offense is intended to be charged, and facts sufficient to require the exercise of judgment to decide whether any offense has been charged or not, and where the justice judicially determines that such information does state facts sufficient to constitute an offense, and proceeds in the action to a trial, conviction and sentence, under such information, he does not thereby render himself liable to an action, although he may have erred in his decision, and although the information does not state facts sufficient to constitute any offense.

3. ———— *Same rule, whether tried by a Constitutional Jury, or not,* Section 2 of Chapter 49, approved February 22, 1867, provides that cases of misdemeanor shall be tried in a justice's court by a jury of six men: *Held,* That whether said section is constitutional or not, a Justice of the Peace, acting judicially and within the scope of his jurisdiction, does not render himself liable to an action by trying a misdemeanor before a jury of six men only, instead of before a jury of twelve men.

*Error from Lyon District Court.*

TRESPASS, brought by *Henry Clark* against *Noyes Spicer,* to recover damages for certain supposed illegal acts committed by said *Spicer* while acting as a justice of the peace. In July 1868 *Clark* was prosecuted criminally before said *Spicer* for " misconduct in office" as school director. The county attorney filed an information against *Clark,* which, after the caption and title, is as follows:

" WILLIAM T. GALLIHER, county attorney for said Lyon county, now here in said court, in the name and by the authority and in behalf of the State of Kansas exhibits this his information—that on the 1st day of April, 1868, at the said county of Lyon, the said *Henry Clark* did make and enter into a contract with school district No. 43 of said county for doing and performing the carpenter

work on a certain building then and there being built for a school-house in said School District No. 43; and he the said Henry Clark did afterwards enter upon the performance of said work, and did peform the same under and by virtue of said contract for his own profit, he the said Henry Clark being at the time of taking and entering into said contract with said School District, and at the time of doing and performing said work, the School Director of said School District No. 43, duly elected and qualified, and acting as such; the said office of School Director being an office of trust under the laws of the State of Kansas; and the said Henry Clark by virtue of said office of school director having in part the supervision, direction and control of said carpenter-work on said school-house in said school district—whereby the said Clark became and was guilty of a willful misconduct in his said office of school director of said school district No. 43, contrary to the form of the statute, and against the peace and dignity of the State of Kansas."

Said information was verified as true, by Robert H. Abraham. On the 13th of July, *Clark* appeared to said information, then pending before said *Spicer*, as justice of the peace, and moved to quash said information because, "*first*, said Justice has not jurisdiction to try said defendant for the charge contained in said information, and *second*, the said information does not state facts sufficient to constitute a public offense." The motion was overruled. *Clark* then plead "not guilty," and demanded a jury of *twelve men*, which the justice refused to order or empannel. A jury of *six men* was empanneled and sworn, and the case was tried, against *Clark's* objections, and written protest that he was entitled "to a jury of twelve men." The jury returned a verdict of "guilty," and the justice, *Spicer*, thereupon pronounced judgment against *Clark*, assessing a fine of five hundred dollars and costs. Afterward said justice issued to a constable of said county an execution on said judgment, and the constable levied

upon and sold a pony belonging to *Clark*, of the value of one hundred dollars.

*Clark* claims that the proceedings before said Spicer were illegal and void, and he brings this action to recover damages for the injuries sustained by reason thereof. His petition sets forth in detail all the proceedings in the case tried before *Spicer*. To this petition *Spicer* demurred, "for the reason that said petition does not state facts sufficient to constitute a cause of action."

The cause was tried at the September Term, 1868, of the district court, when said demurrer was sustained, and judgment for costs given against *Clark*. Clark excepted, and brings the case here, alleging that the district court erred in sustaining said demurrer.

*Peyton & Saunders*, and *Martin, Burns & Case*, for plaintiff in error:

1. Defendant in error, as justice of the peace, acted without jurisdiction; and he is liable in damages to the party injured. 1 Kas., 116; 8 Ind., 320.

And Clark, by appearing and making defense could not confer jurisdiction where the court had none by virtue of law. Ind. Dig., 539, § 2; Gholson's Dig., 451, § 28; 2 Ohio St., 223.

The record shows that the plaintiff in error never consented to the jurisdiction, but constantly resisted it. His demand for a jury of twelve did not operate as a waiver of his objection to the jurisdiction of the court. In *Work v. The State*, 2 Ohio St., 296, the defendant filed a written motion for a jury, and did not thereby waive his objection that there was no jurisdiction.

2. Section 2 of the act of 1867, chap. 49, p. 81, is unconstitutional. The constitution guarantees a jury of

twelve men; and a defendant cannot be tried by a jury of six, nor any number less than twelve, without his consent. Cons. of Kas., Bill of Rights, §§ 5, 10; *Barber v. Sheriff of Lyon Co.*, (this court, unreported.)

It has been the law from the year-books down, to the decision of this court in 1 Kas., 116, that justices of the peace are liable if they act without jurisdiction, or if they refuse or fail to adopt formalities in the trial enjoined by law, however honest they may be.

3. The complaint or information did not charge Clark with the commission of any criminal offense. He was charged with having taken a contract of school district No. 43, and doing certain work thereunder, and that he was at the time of taking said contract and performing said work a school director in and for said school district. This is not a crime or a misdemeanor for which he was liable to arrest and fine.

The only law that would *seem* to warrant such a proceeding is § 4 of "An act to restrain *State and county officers* from speculating in their office." Ch. 132, Laws of 1867, p. 219. The language, " and all officers holding " and exercising any office of trust or profit under and " by virtue of any law of the State be and they are hereby "prohibited from taking any contract," etc., used in said section, might possibly be construed so as to warrant the Justice's proceedings complained of in this case, were it not for the fact that the " title " of the act expresses only " State and county officers," and that the constitution, art. 2, § 16, declares, that "no bill shall contain more than " one subject, which shall be clearly expressed in its title." As there are no officers mentioned in the " title " of the act except " State and county" officers, said § 4 has no

validity so far as relates to any officers other than "State" and "county." Cooley on Const. Law, 141.

Certainly, if the plaintiff in error was charged in said information with *no crime, or misdemeanor*, known to the law, then Spicer, as such justice of the peace, took no jurisdiction; and the whole proceeding before him was a nullity, and a farce, and the defendant's demurrer should have been overruled.

*Ruggles & Plumb*, for defendant in error:

1. Section 4, ch. 132, Laws of 1867, is not unconstitutional. Sec. 16, art. 2, of our constitution is copied from the constitution of Ohio; and the supreme court of that state, in *Pine v. Nicholson*, 6 Ohio St., 176, held that the provision in question " was incorporated into the constitu- " tion for the purpose of making it a permanent rule of " the houses, and to operate only upon bills in their pas- " sage through the general assembly. It is directory " only, and the supervision of its observance must be left " to the general assembly." See also, *Miller v. The State*, 3 Ohio St., 475.

The Indiana decision quoted by plaintiff is based upon a constitutional provision totally dissimilar from ours, and which in effect directs that so much of an act as is not covered by the title shall be held null and void.

The settled construction of a constitutional provision by the legislative body is entitled to weight. *Miller v. The State*, 3 Ohio St., 475. *Washington v. Murray*, 4 Cal., 388. What the legislative construction of this constitutional provision has uniformly been, can readily be seen by reference to our statute.

2. The question as to whether the defendant—plaintiff here—was entitled to be tried by a jury of " twelve

men," depends upon the construction put upon § 10, Bill of Rights, State Constitution.

The ground on which plaintiff claims the right to trial by a jury of twelve men, is, that the framers of the constitution had reference to a "jury" as constituted at common law; that to that extent, by a necessary implication, the common law is engrafted upon the constitution; and this is the ground on which all the decisions construing the word "jury" to mean twelve men, are based. On the same ground we claim that *common-law offenses*, and those only, were contemplated as being triable by the common-law jury of twelve men; and that offenses *thereafter created* by statute might be triable in any manner the legislature should determine. The decisions of the Supreme Court of Missouri, in *Baker v. The State*, 24 Mo., 437, support our view that *statutory* offenses were excepted from the operation of this constitutional provision. The offense with which Clark was charged was unknown to common or statute law at the adoption of the constitution.

3. Our statute provides that in offenses less than felony the defendant may waive trial by jury. The same principle is recognized by the court in the absence of statuary provisions. That it may be done indirectly as well as directly, see 1 Wis., 401; 2 id., 22; 3 id., 219. We claim that Clark waived whatever right he had to a jury of *twelve* men by participating in striking a jury of *six*, and that his objection to the array was too late, after plea of "not guilty;" and so of his challenge to the array.

4. Is a judicial officer liable for judicial acts, when it is not shown that he acted corruptly? Certainly not; and upon this point, the authorities are uniform. To render

a judicial officer liable in damages for a mistake of law would be to destroy that independence of thought and action which has characterized the judiciary, with few exceptions, from time immemorial. It is opposed to both reason and authority.

The case of *Howe v. Mason*, 14 Iowa, 510, covers the whole ground, and quotes the most eminent of the authorities. To that case we refer the court as fully establishing the point that there is no liability.

The opinion of the court was delivered by

VALENTINE, J.: It is a general principal of law, that whenever a judicial officer acts within the scope of his jurisdiction, he is not liable, however erroneous his acts may be : 1 Chitty Pl., 78, and the numerous cases there cited; id., 182 to 184 ; Sherman and Redfield on Negligence, (1st Ed.,) 185, *et seq.*, and cases there cited. Any other rule would be attended with the most disastrous consequences. "Whenever we subject the established courts of the land to the degradation of private prosecution, we subdue their independence, and destroy their authority. Instead of being venerable before the public, they become contemptible ; and we thereby embolden the licentious to trample upon everything sacred in society, and to overturn those institutions which have hitherto been deemed the best guardians of civil liberty."—KENT, Ch. J., in *Gates v. Lansing*, 5 Johns. 298. And who would accept a judicial office, were he liable to be arraigned for every error of judgment, and his property wasted in litigation, with every man whom his decisions might offend ?

II. At the time Clark was tried on the information filed against him, justices of the peace had exclusive

1. JUDICIAL officers not liable for errors of judgment.

original jurisdiction in all cases of misdemeanor; (Laws of 1867, p. 81;) and the offense of willful misconduct in office was at that time a misdemeanor, and only a misdemeanor; (Comp. Laws, pp. 326, 327, §§ 197, 202; Laws of 1867, p. 219, § 4; Comp. Laws, 345, § 302;) therefore the said Justice, Spicer, had jurisdiction of the offense with which the said Clark was charged. But it may be claimed that the said information did not state facts sufficient to constitute the offense of willful misconduct in office. This may be true, and still it does not necessarily follow that Spicer is liable. It will be admitted that the information was sufficient to show that said offense was intended to be charged; and it will also be admitted that there were facts stated sufficient to require the exercise of judgment, and of judicial discrimination, to determine whether such offense was charged or not; and this is sufficient. Spicer acted *judicially*, and upon a matter within the scope of his jurisdiction, when he determined that the said information did state facts sufficient to constitute the offense of willful misconduct in office; and although he may possibly have erred in his decision, still he is not liable in damages by reason of such error. It is not claimed that he acted with any malicious or other improper motives.

It is claimed that chapter 132 of the laws of 1867 does not apply to school district officers; but it makes no difference whether it does or not, for it will be conceded that sections 197 and 202 of the crimes and punishment act, Comp. L. 1862, pp. 326, 327 (§§ 207, 212, Ch. 31, Gen. Stat. 1868,) do apply.

III. It is also claimed that said Spicer erred in trying the said Clark with a jury of six men. This depends

2. —— Where information states no offense.

upon whether section two of chapter 49 of the laws of 1867, (page 81,) is, with respect to this case, constitu-

3. —— In case of an allegal jury.

tional or not. If said section is unconstitutional, the justice erred. But we shall not now decide this question, for the jurisdiction of the justice did not depend upon the constitutionality of that section. He had complete jurisdiction of both the defendant and the subject-matter of the action, whether that section was constitutional or not; and in determining the question whether the said Clark should be tried by a jury of six men, or by a jury of twelve men, he acted *judicially*, and therefore whether he erred not, he is not liable.

The judgment of the court below must be affirmed.

All the Justices concurring.