KNUD SORENSEN v. THOMAS H. WELLMAN *et al.*

No. 13,717.   (77 Pac. 536.)

SYLLABUS BY THE COURT.

OFFICE AND OFFICERS—*Liability of Justice for Payment of Garnished Funds to Plaintiff before Time for Appeal had Expired.* In an action before a justice of the peace a garnishee paid money into court. Judgment was rendered for plaintiff, from which, within ten days, defendant appealed. After judgment, and before the appeal was taken, the justice paid the money to the plaintiff. In the district court the plaintiff dismissed his action. The defendant then sued the justice for the amount paid by him to the plaintiff. *Held*, that the justice acted judicially in the matter, and cannot be held liable for the loss occasioned, however much he may have erred.

Error from Saline district court; R. F. THOMPSON, judge. Opinion filed July 7, 1904. Affirmed.

*Frank O. Johnson*, for plaintiff in error.

*David Ritchie*, for defendants in error.

The opinion of the court was delivered by

MASON, J.: On January 7, 1901, N. A. Warder sued Knud Sorensen before T. H. Wellman, a justice of the peace, for $166.85, and caused a garnishment summons to be served on C. G. Bennett. The garnishee answered January 14, showing that he owed Sorensen $156.06, which, upon order of the justice, he paid into court. On the same day judgment was rendered for plaintiff for $139.85 and costs. Sorensen made no appearance in the case until he gave an appeal bond, within ten days after the judgment. The justice of the peace, after the judgment and before the giving of the appeal bond, paid the plaintiff the amount of his judgment out of the money paid in by the garnishee. Upon the calling of the case in the

district court, the plaintiff, Warder, dismissed his action without prejudice. Sorensen then sued the justice of the peace upon his bond for the amount he had paid to Warder, claiming that he should have held the money until the expiration of the time for an appeal. The trial court denied Sorensen any relief, and the only question raised by this proceeding is whether, upon these facts, he was entitled to recover.

Plaintiff in error argues that as the statute gave him a right to appeal at any time within ten days, and as the appeal bond, when given, vacated the judgment, the judgment never became final, and could only have become final by the expiration of ten days without an appeal's having been taken; that the justice had no right to pay out the money until the judgment had become final; and that the precipitate payment to the plaintiff robbed the defendant of all substantial benefits of the appeal. Defendant in error responds that as the statute makes no provision for a stay of proceedings pending the exercise by the defendant of the right of appeal, but permits an execution at any time after judgment (Gen. Stat. 1901, §§ 5365, 5369), the judgment was in full force from its rendition, and not only justified, but even required, the payment to the plaintiff of the fruits of the garnishment; that if defendant desired to prevent the payment he should have given an appeal bond at once, or before payment was made. It is not necessary to a determination of this case that we decide which of these conflicting theories is correct. Their mere statement shows that the justice was confronted by the necessity of deciding, as a matter of law, a question not free from doubt; that is, whether he was required to pay the money over upon the demand of the plaintiff, or could hold it ten days, so as to afford defendant that much time to pre-

vent the payment by giving an appeal bond. The justice had jurisdiction of the parties and of the fund; in passing upon the question of its disposition he acted judicially; and, however egregiously he may have erred, he cannot be held liable for the consequent loss suffered by the defendant. (*Clark v. Spicer*, 6 Kan. 440; *Connelly v. Woods*, 31 id. 359, 2 Pac. 773.)

A very similar question was presented in *Abrams v. Carlisle*, 18 S. C. 242. In a replevin action brought before a justice of the peace for the recovery of a mule the plaintiff gave a bond and procured an order of delivery. The defendant gave a redelivery bond and the property was returned to him. Upon trial judgment was rendered for the plaintiff. Under the statute the defendant had five days in which to move for a new trial or appeal. However, without waiting for the expiration of this time, the justice issued an execution, upon which the constable at once seized the property and delivered it to the plaintiff. Within the five days the defendant moved for a new trial and obtained it, and, upon a second judgment's being rendered against him, appealed. He then demanded that the justice deliver him the mule, and upon a refusal of the demand brought action against the justice for damages resulting from the wrongful enforcement of the judgment before the expiration of the five days, but was defeated. Upon review in the supreme court it was said:

"The matter is reduced to the question, whether the trial justice was authorized by law to issue his execution on the very day his judgment was promulgated and have it executed by taking the property from one and giving it to the other litigant, before the five days had expired which are allowed for appeal or motion for a new trial. We have no doubt that the trial justice, during that time, had the right

to enter his judgment and lodge his execution, as it is sometimes said, 'to bind property,' but this case does not make it necessary to decide whether he had the right, in an action for personal property, to have his judgment executed by seizing and delivering the property before the time allowed for appeal or motion for a new trial has expired. Under ordinary circumstances, we think it the better course for him to regard the case as still pending until the time allowed for a new trial or appeal has expired. But Milton A. Carlisle was a judicial officer, and the subject-matter was clearly within his jurisdiction. He had just decided the case, and when he entered his judgment and execution to enforce it he was acting judicially, as much so as when he rendered the judgment itself, and even if he did make a mistake in having the mule delivered at once, without reference to the right of the defendant to move for a new trial or appeal within five days, he was not liable in damages for the consequences, unless he acted wilfully and corruptly.''

The prevailing doctrine is that even a corrupt motive on the part of the justice will not render him liable under such circumstances (18 A. & E. Encycl. of L., 2d ed., 46), but that question does not arise here.

The judgment is affirmed.

All the Justices concurring.