GRANT, Appellant, v. WILLIAMS et al., Respondents.

(No. 3,824.)

(Submitted November 9, 1917. Decided December 12, 1917.)

[169 Pac. 286.]

*Justice of the Peace—Police Judge—Liability for Judicial Acts —Jurisdiction—Malicious Prosecution—False Imprisonment —Presumptions—Complaint—Insufficiency.*

Judges—Liability for Judicial Acts—Rule.
    1.  A judicial officer—whether of a court of general or of inferior and limited jurisdiction—cannot be held liable for damages in a civil suit for any act done by him as such—be the act grossly erroneous or even prompted by corrupt or malicious motives; provided it was done within jurisdiction of the subject matter and of the person who deems himself aggrieved by the act.
    [As to personal liability of judges and judicial officers, see note in 137 Am. St. Rep. 47.]

Justice of the Peace—Police Judge—Jurisdiction—Irregularities.
    2.  A justice of the peace has no jurisdiction over cases arising under town ordinances, except where he may have been designated, under

(246)

section 3242, Revised Codes, to act as police judge, in which event failure to style himself "police judge," instead of "justice of the peace," is a mere irregularity insufficient to divest him of jurisdiction.

Same—Malicious Prosecution—Complaint—Insufficiency—Presumptions.
3. Since a justice of the peace cannot be held liable in damages for acts done within jurisdiction (par. 1, *supra*), and he may have jurisdiction in an action arising under town ordinances (par. 2, *supra*), failure of plaintiff to allege that such officer had not been designated to act as police judge when he did the things charged to have constituted the malicious prosecution damages for which were sought, was fatal to the complaint, the presumption being that official duty was regularly performed.

Same—Sureties—Insufficient Complaint—Effect.
4. Where the complaint in an action against a public officer and his sureties is insufficient to state a cause of action against the former, it likewise fails to disclose liability on the part of the latter.

Same—False Imprisonment—Complaint—Insufficiency.
5. Where a town ordinance required the police judge to exact bail of those arrested and brought before him on Sundays, and upon default to remand them to jail, complaint which, *inter alia,* stated that plaintiff had been falsely imprisoned by a justice of the peace under such circumstances, *held* insufficient in the absence of an allegation designed to overcome the presumption that the justice proceeded within the authority conferred by the ordinance.

*Appeal from District Court, Blaine County; John W. Tattan, Judge.*

ACTION by Hugh S. Grant against F. N. Williams, as Justice of the Peace of Chinook Township, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

*Mr. R. E. O'Keefe,* for Appellant, submitted a brief and argued the cause orally.

The complaint states a good cause of action for malicious prosecution in the furtherance of a criminal conspiracy. A justice of the peace has no original jurisdiction in proceedings brought for the violation of a town ordinance. Of such proceedings the police court has exclusive jurisdiction. (Sec. 3298, Rev. Codes, subd. 1.) True, a justice of the peace may be called in, or selected, to act as a police magistrate, but when so acting he is, in law, a police magistrate and not a justice of the peace. The acts of Williams as justice of the peace in proceedings for the violation of a town ordinance against appellant were void

*ab initio,* and having been done wrongfully and maliciously, his liability follows, as of course. (12 Am. & Eng. Ency. of Law, 508, and cases cited.) While it may be true that by reason of the fact that appellant is seeking to establish a personal liability on the part of respondent for a wrong done by him under color of office, and that his official title need not have been set out in the title of the action (*Hirsh* v. *Rand,* 39 Cal. 315; *Van Cleave* v. *Bucher,* 79 Cal. 600, 21 Pac. 954), still, the character in which a party is sued may be determined from the body of the complaint as well as from the words used in the title (*Van Cleave* v. *Bucher, supra; Tate* v. *Shackelford,* 24 Ala. 510, 60 Am. Dec. 488; *Wolf* v. *Beaird,* 123 Ill. 585, 5 Am. St. Rep. 565, 15 N. E. 161; *Litchfield* v. *Flint,* 104 N. Y. 543, 11 N. E. 58; *Waldsmith* v. *Waldsmith,* 2 Ohio, 156), and the fact that one sued in his individual capacity is described in the title by the title of his office is of no consequence, there being nothing to mislead. (*Highway Commrs.* v. *Beebe,* 55 Mich. 137, 20 N. W. 826.)

*Messrs. Norris & Hurd,* for Respondents, submitted a brief; *Mr. E. L. Norris* argued the cause orally.

The acts chargeable against respondent Williams upon which an action for malicious prosecution might be based are: (1) The issuance of a warrant; (2) The requirement of bail; (3) The trial and discharge of appellant. All these acts are judicial rather than ministerial in character. (*Rains* v. *Simpson,* 50 Tex. 495, 32 Am. Rep. 609; *Whitzell* v. *Forgler,* 30 Kan. 525, 1 Pac. 823; *Howe* v. *Mason,* 14 Iowa, 510; *Clark* v. *Spicer,* 6 Kan. 440; *Burns* v. *Norton,* 59 Hun, 616, 15 N. Y. Supp. 75.) If the respondent Williams acted within his jurisdiction, then neither he nor his surety may be held liable for his judicial acts. (*Legates* v. *Lingo,* 8 Houst. (Del.) 154, 32 Atl. 80; *Curnow* v. *Kessler,* 110 Mich. 10, 67 N. W. 982; *Stone* v. *Graves,* 8 Mo. 148, 40 Am. Dec. 131; *Taylor* v. *Doremus,* 16 N. J. L. 473; *Cunningham* v. *Bucklin,* 8 Cow. (N. Y.) 178, 18 Am. Dec. 432; *Cooke* v. *Bangs,* 31 Fed. 640.) Under no theory of the case does the first cause of action state a cause of action against the respondent

United States Fidelity and Guaranty Company. If the respondent Williams was acting in an official capacity and within his jurisdiction, neither he nor his surety is liable, and if he were acting as a police magistrate of Chinook or in a private capacity, his surety could not be held. (*San Luis Obispo County* v. *Farnum,* 108 Cal. 562, 41 Pac. 445; *Allison* v. *People,* 6 Colo. App. 80, 39 Pac. 903; *State* v. *Bagby,* 160 Ind. 669, 67 N. E. 519; *Wilson* v. *State,* 67 Kan. 44, 72 Pac. 517; *People* v. *Pennock,* 60 N. Y. 421; *State* v. *Porter,* 69 Neb. 203, 95 N. W. 769; *People* v. *Edwards,* 9 Cal. 286; *Cooper* v. *People,* 85 Ill. 417; *Territory* v. *Ritter,* 1 Wyo. 318, 321.) There is nothing charged against respondent Williams in this cause of action that is beyond or in excess of his jurisdiction as a justice of the peace, and all his acts were official in character. If respondent Williams were acting as a justice of the peace and within his jurisdiction, then he may not be made to respond in damages for the imprisonment of appellant, and no cause of action is stated against him or his sureties. (*Pratt* v. *Gardner,* 2 Cush. (56 Mass.) 63, 48 Am. Dec. 652; *Robertson* v. *Hale,* 68 N. H. 538, 44 Atl. 695; *Smith* v. *Clark,* 37 Utah, 116, Ann. Cas. 1912B, 1366, 26 L. R. A. (n. s.) 953, 106 Pac. 653.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an appeal from a judgment of the district court in and for the county of Blaine, in favor of the defendants Williams and United States Fidelity & Guaranty Company, entered after an order sustaining their demurrers to the complaint.

The grounds for relief are set forth in plaintiff's complaint in two counts. The first alleges, in brief, that at the times mentioned defendant Williams was a justice of the peace in Chinook township, Blaine county, and that the defendant United States Fidelity & Guaranty Company was the surety upon his official bond; that the defendant Lutz was the town marshal of the town of Chinook; that Lutz and Williams conspired and confederated together to harass and annoy the plaintiff and to injure him in

his business; that on Sunday, January 24, 1915, in furtherance of such design, the defendant Lutz, under color of his office, maliciously and without probable cause entered the plaintiff's place of business and seized and arrested him; that he forcibly took him before Williams, who wrongfully and maliciously demanded of him $100 in cash to secure his release; that, this demand having been refused, Williams wrongfully and maliciously directed plaintiff to be confined in jail; that he was accordingly put in jail by Lutz and there confined until 2 o'clock P. M. on the following day; that on January 25 Lutz lodged with defendant Williams a sworn complaint charging plaintiff with a violation of Ordinance No. 121 of the town of Chinook; that said Lutz and Williams both knew that plaintiff had not violated the ordinance; that Williams thereupon wrongfully and without probable cause issued a warrant for the arrest of plaintiff, putting it in the hands of Lutz, and fixing plaintiff's bail at $250; that on the same day the plaintiff gave bail in the sum of $250 in order to secure his release; that thereafter he appeared before Williams for trial, but that the complaint was dismissed upon his demand, and that he was thereupon discharged; and that all of the said acts were done by Williams under color of his office as a justice of the peace. The second count alleges, as ground for relief, the same facts as those which are alleged in the first to have occurred on January 24 when plaintiff was committed to jail. A separate demurrer was interposed to each count, the grounds thereof being identical, *viz.*, that the facts stated do not constitute a cause of action, and that the allegations are uncertain, ambiguous and unintelligible.

The first count: Counsel devotes his principal argument to the [1] question whether the facts stated make a case of malicious prosecution. That they do not is manifest. It is alleged that, in doing the acts enumerated, Williams was acting as justice of the peace and under color of his office. These acts were therefore *prima facie* judicial. The rule is well established by the current of authority that a judicial officer cannot be held liable for damages in a civil suit for any act of his in that capacity,

if he had jurisdiction of the subject matter and of the person whose rights were affected by the particular proceeding. In this respect no distinction is made between judges of courts of general and those of inferior and limited jurisdiction. The immunity is not extended to these officers to protect them as individuals, but for the protection of society, upon the theory that the interests of society are best served if the judicial officer is left entirely free to act upon his independent convictions, uninfluenced by fear or apprehension of consequences personal to himself. The rule extends even to acts grossly erroneous or prompted by corrupt or malicious motives, provided only they are done within jurisdiction clearly conferred. The following authorities are sufficient to illustrate the rule: *Yates* v. *Lansing,* 5 Johns. (N. Y.) 282; *Id.,* 9 Johns. (N. Y.) 395, 6 Am. Dec. 290; *Lange* v. *Benedict,* 73 N. Y. 12, 29 Am. Rep. 80; *Rains* v. *Simpson,* 50 Tex. 495, 32 Am. Rep. 609; *Clark* v. *Spicer,* 6 Kan. 440; *Howe* v. *Mason,* 14 Iowa, 510; *Legates* v. *Lingo,* 8 Houst. (Del.) 154, 32 Atl. 80; *Curnow* v. *Kessler,* 110 Mich. 10, 67 N. W. 982; *Stone* v. *Graves,* 8 Mo. 148, 40 Am. Dec. 131; *Taylor* v. *Doremus,* 16 N. J. L. 473; *Randall* v. *Brigham,* 7 Wall. (U. S.) 523, 19 L. Ed. 285; *Bradley* v. *Fisher,* 13 Wall. (U. S.) 335, 20 L. Ed. 646; *Robertson* v. *Hale,* 68 N. H. 538, 44 Atl. 695; *Pratt* v. *Gardner,* 2 Cush. (56 Mass.) 63, 48 Am. Dec. 652; 11 R. C. L., p. 815; 16 *Id.* 342; *Broom* v. *Douglass,* 175 Ala. 268, Ann. Cas. 1914C, 1155, 44 L. R. A. (n. s.) 164, 57 South. 860; *Stewart* v. *Cooley,* 23 Minn. 347, 23 Am. Rep. 690.

Usually a justice of the peace has no jurisdiction over cases [2] arising under town ordinances. (*State ex rel. Streit* v. *Justice Court,* 45 Mont. 375, 48 L. R. A. (n. s.) 156, 123 Pac. 405.) That the proceedings were instituted for the violation of an ordinance of the town of Chinook does not, however, overcome the *prima facie* presumption that Williams, though acting as a justice of the peace, was acting within his jurisdiction. Section 3296 of the Revised Codes establishes a police court in every city and town. The jurisdiction of such courts is defined by sections 3297 and 3298. That conferred by the former is

concurrent with that of a justice of the peace in both civil and criminal cases, the latter being prosecuted in the name of the state. The jurisdiction conferred by the latter is exclusive, and proceedings for violations of ordinances are prosecuted in the name of the city or town. To avoid the expense incident to the maintenance of a separate police court, a town may designate a justice of the peace of the township in which the town is situated to act as police judge for the town. (Sec. 3242.) This provision does not declare that the justice shall style himself police judge, but merely that he shall act as such. Presumably he should keep a separate docket in order to prevent confusion in the records of his office. Yet, since the statute does not require him to style himself police judge in the proceedings instituted by the town, we apprehend that he would be deemed to have acquired jurisdiction of the subject matter of them and the parties to them, though the proceedings should be entitled by him in his court as justice of the peace, provided they are otherwise regular in form and are prosecuted in the name of the town. Indeed, the aim of section 3296 seems to have been to confer the additional jurisdiction upon the justice as such, and not to constitute him the holder of another office under the title of police judge. In any event, inasmuch as the additional jurisdiction in such cases is fully conferred upon the justice so designated, the use of the title "justice of the peace," instead of "police judge," would be a mere irregularity which would not divest him of [3] jurisdiction. Now, it is a presumption of law that official duty has been regularly performed. (Rev. Codes, sec. 7962, subd. 15; *Stephens* v. *Conley,* 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189; *State* v. *Groom,* 49 Mont. 354, 141 Pac. 858.) If this presumption is to be indulged in favor of the defendant Williams, the fact that he entertained the complaint for a violation of the ordinance, coupled with the fact that he was a justice of the peace of the township in which the town of Chinook is situated, warrants the *prima facie* conclusion that he had been designated as police judge at the time and that the proceeding was within his jurisdiction. To make out a case against him, it

was therefore necessary that the complaint allege that he had not been so designated. In omitting to do this, the complaint fails to state a cause of action. Since it omits to disclose a liability [4] on the part of Williams, it wholly fails to disclose a liability on the part of his codefendant surety.

The second count: The question presented by the general [5] demurrer to this court is whether it states a case for relief for a false imprisonment. What has already been said furnishes the answer to this question. It is not alleged that the arrest of plaintiff was instigated by Williams, nor that he aided and abetted Lutz in it. Nor is it alleged that a complaint had not been made and that the arrest was not under a warrant. The only direct connection Williams is alleged to have had with the arrest is that he required bail of the plaintiff in order to secure his release, and that upon the refusal of bail he directed plaintiff to be imprisoned. But aside from these considerations, if the presumption referred to above is to be given any force, it was the duty of Williams, under the ordinances of the town, to require bail of those arrested and brought before him on Sunday charged with offenses, and upon default to remand them to jail until complaints could be prepared and the charges brought on for trial in the regular way. Since there is no allegation to overcome the presumption that he proceeded within the authority conferred by the ordinances, the facts stated do not constitute a cause of action.

The judgment is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.