STATE ex rel. LOUNDAGIN, Relatrix, *v.* TATTAN, District Judge, Respondent.

(No. 4,359.)

(Submitted May 17, 1919. Decided June 24, 1919.)

[181 Pac. 984.]

*District Court—Judges—Costs—Original Proceedings in Supreme Court—Personal Liability.*

Judges—Personal Liability—Damages—Erroneous Judicial Act.
  1. A judicial officer cannot be held liable for damages in a civil suit for any act of his in that capacity though grossly erroneous (or prompted by corrupt or malicious motives), if he had jurisdiction of the subject matter and of the person whose rights were affected by the particular proceeding.

Same—When Civilly Liable.
  2. A judicial officer who acts in a matter not colorably within his jurisdiction is civilly liable for the consequences of his acts.

  [As to personal liability of judge for acts of his done outside of or in excess of jurisdiction, see note in 137 Am. St. Rep. 53.]

Same—Erroneous Decision—Costs—Personal Liability.
  3. *Held,* that refusal of a change of venue asked for because of the relationship of the presiding judge to defendant in the action, though

clearly erroneous (Rev. Codes, sec. 6315, subd. 2.), was not so far without jurisdiction as to render him personally liable for costs incurred by plaintiff in his proceeding by writ of supervisory control to compel transfer of the action.

Same—Costs—Original Proceedings.

4. Relator in an application to the supreme court for writ of supervisory control running to the district court is entitled to his costs, upon a judgment in his favor.

Same—Original Proceedings Against District Court—Costs—Liability.

5. *Semble:* In view of section 7177, Revised Codes, which contemplates that, whenever a public officer sues or is being sued in his official capacity, he cannot be held personally responsible for the costs, but that the state or subdivision thereof represented by him shall bear the burden, it would seem that the county represented by respondent judge in a special proceeding before the supreme court (writ of supervisory control), is properly chargeable with the costs upon judgment in favor of relator.

PROCEEDING on the relation of Hazel Loundagin, against John W. Tattan, as judge of the District Court of the Twelfth Judicial District in and for the County of Chouteau, to have costs awarded her, in proceedings for supervisory control (55 Mont. 618), incorporated in the judgment, and for execution or other appropriate writ to enforce payment.

*Messrs. McGinley & McConnell,* for Relatrix, submitted a brief; *Mr. H. F. McConnell* argued the cause orally.

*Messrs. Galen, Mettler & Toomey* and *Mr. W. S. Towner,* for Respondent, submitted a brief; *Mr. F. W. Mettler* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In an action pending in the district court of Chouteau county, wherein Hazel Loundagin was plaintiff and C. M. Morrison *et al.* were defendants, an affidavit was filed on behalf of plaintiff, seeking to disqualify the presiding judge, Honorable John W. Tattan, because of his relationship to defendant Morrison. On January 8, 1919, upon motion of plaintiff, the court made an order transferring the cause to Cascade county, but two days later revoked the order. An application was thereupon made to this court for a writ of supervisory control, and such proceed-

ings were had that on February 13 a judgment was duly given and made awarding the writ and directing the transfer of the cause to Cascade county. (55 Mont. 618.) Thereafter the relatrix served and filed her cost bill, and the same was approved by this court. The present controversy arises upon the application of relatrix to have the costs incorporated in the judgment, and for execution or other appropriate writ to enforce payment.

The judgment runs against John W. Tattan, as judge of the [1] district court, and if the costs be made a part of the judgment, a civil liability will be imposed upon Judge Tattan because of the order, made on January 10, revoking the order of the 8th.

It is unnecessary to enter upon a discussion of the rule of civil liability applicable to judicial officers, or the reason for it. In *Grant* v. *Williams,* 54 Mont. 246, 169 Pac. 286, we considered the subject and expressed our conclusion as follows: "The rule is well established by the current of authority that a judicial officer cannot be held liable for damages in a civil suit for any act of his in that capacity, if he had jurisdiction of the subject matter and of the person whose rights were affected by the particular proceeding. In this respect no distinction is made between judges of courts of general and those of inferior and limited jurisdiction. The immunity is not extended to these officers to protect them as individuals, but for the protection of society, upon the theory that the interests of society are best served if the judicial officer is left entirely free to act upon his independent convictions, uninfluenced by fear or apprehension of consequences personal to himself. The rule extends even to acts grossly erroneous or prompted by corrupt or malicious motives, provided only they are done within jurisdiction clearly conferred." Many authorities are cited in the opinion, to which may be added 23 Cyc. 567, 15 R. C. L. 543, and the numerous cases referred to in 29 Century Digest, 1745.

Conversely, a judicial officer, who acts in a matter not colorably [2] within his jurisdiction, is civilly liable for the consequences of his acts. (*State ex rel. Streit* v. *Justice Court,* 45 Mont. 375, 48 L. R. A. (n. s.) 156, 123 Pac. 405; *Grove* v. *Duyn,* 44

N. J. L. 654, 43 Am. Rep. 412; *Bradley* v. *Fisher*, 13 Wall. 335, 352, 20 L. Ed. 646; 23 Cyc. 570; 15 R. C. L. 544.)

The distinction between acts done entirely without jurisdiction and acts done in excess of jurisdiction is indicated clearly in *Bradley* v. *Fisher*, above.

The affidavit seeking to disqualify Judge Tattan was made pursuant to the provisions of subdivision 2 of section 6315, Revised Codes, and was not affected by the provisions of subdivision 4, which have to do with an affidavit of disqualification for [3] imputed bias. The effect of the order of January 10 was to refuse a change of venue upon the showing made, and, while it was clearly erroneous, it cannot be said that Judge Tattan was so far acting without jurisdiction as to render him personally liable. Indeed, we have proceeded in this matter altogether upon the assumption that he was acting within jurisdiction; otherwise, the application of relatrix would not have been entertained, or the writ of supervisory control granted, for that writ issues only "to correct rulings made by the lower court *acting within jurisdiction,* but erroneously, where there is not an appeal, or the remedy by appeal cannot afford adequate relief, and gross injustice is threatened as the result of such rulings." (*State ex rel. Carroll* v. *District Court,* 50 Mont. 428, 147 Pac. 612.)

There cannot be a doubt that relatrix is entitled to recover her [4] costs incurred in this proceeding. (Sec. 7154, Rev. Codes, subd. 4; *State ex rel. Baker* v. *District Court,* 24 Mont. 425, 62 Pac. 688.) It is necessary that the judge of the court whose order is under review be made a party, to the end that there may be someone against whom the process of this court may be enforced, and in the strictest sense of the term the proceeding is against a judge in his official capacity. The proceeding is one authorized by the Constitution of this state, and, in prosecuting [5] it, costs are necessarily incurred. We think it is reasonably clear that our Code contemplates that, whenever a public officer sues or is being sued in his official capacity, he shall not be held personally responsible for the costs, but that the state or subdivi-

sion thereof represented by such official shall bear the burden. (Rev. Codes, sec. 7177.)   It would appear that in this instance Judge Tattan represented Chouteau county—the county in which the proceeding arose—in the same sense that a state or county officer, when suing or being sued in his official capacity, represents the state or county, as the case may be, and that the costs of this proceeding constitute a proper charge against Chouteau county; but upon this we express no opinion.   The only inquiry now before us is, Shall Judge Tattan be held personally liable?   and this inquiry we answer in the negative.

The order *nisi* heretofore issued is quashed, and the judgment of this court, rendered on February 13, is modified, by striking therefrom the concluding words: "Costs herein to be taxed against respondent."   It is so ordered.

Mr. Chief Justice Brantly and Mr. Justice Cooper concur.